UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SAMUEL CAISON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 1:19-cr-00152-LEW-1<br>1:22-cv-00100-LEW |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 96.) Petitioner asserts ten grounds for postconviction relief based on ineffective assistance of counsel. The Government requests dismissal. (Response, ECF No. 103.)

Following a guilty plea, Petitioner was convicted of possessing a firearm after having been convicted of an offense punishable by more than a year in prison in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); the Court sentenced Petitioner to 105 months in prison. (Judgment, ECF No. 77.) Petitioner filed an appeal; the First Circuit has not yet issued its ruling. (Notice of Appeal, ECF No. 79.)

"[I]n the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending . . . ." *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980) (internal quotation marks omitted). When faced with an unresolved appeal and a premature § 2255 motion, the proper procedure in the First Circuit is to dismiss the

motion without prejudice. *United States v. Weekes*, 611 F.3d 68, 72 (1st Cir. 2010). Because Petitioner has not alleged any exceptional circumstances that would necessitate a departure from the usual procedure in this case, dismissal without prejudice is appropriate.

Petitioner is advised that, should he wish to refile his motion or file a new § 2255 motion after the conclusion of the direct appeal, he should be aware of the statutory restrictions applicable to such postconviction motions, including the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court dismiss without Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of September, 2022.